## ISAAC JACKSON, RESPONDENT, *v.* HORACE F. McKNIGHT, APPELLANT.

*Money paid under a mistake — when it cannot be recovered back.*

On March 23, 1875, defendant purchased a bond and mortgage executed by plaintiff, then several years overdue. Interest on it was payable annually on September tenth. The interest due on September 10, 1874, had been paid, but

on the defendant claiming that that interest had not been paid, the plaintiff, forgetting the payment, paid it to him. In January, 1876, defendant assigned the mortgage. Subsequently plaintiff brought this action against him to recover the amount of interest due September 10, 1874, which had been, as above stated, a second time paid by him.

*Held*, that as at the time of the payment the whole mortgage, both principal and interest was due, so that a much larger amount than was paid was then due from the plaintiff, and as the plaintiff would have the benefit of the payment on the debt, whenever the bond and mortgage should be foreclosed, this action could not be maintained.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

The action was brought to recover money alleged to have been paid to the defendant under a mistake of fact.

*John B. O'Malley*, for the appellant.

*James C. Miller*, for the respondent.

LEARNED, P. J.:

On the 23d of March, 1875, the defendant was the assignee and owner of a bond and mortgage executed by the plaintiff, which had become payable several years before. The interest had been payable annually on the tenth of September, and it had in fact been paid up to September 10, 1874. On the day first mentioned, the defendant stated to the plaintiff that $230 of interest, payable September 10, 1874, were unpaid, and the plaintiff thereupon paid the defendant $230 for such interest, not remembering, at the time, that the interest had been paid to that date. In January, 1876, the defendant assigned the bond and mortgage. After a lapse of two years the plaintiff sued to recover back this money as overpaid by mistake.

The difficulty is that, at the time when the plaintiff made this payment, he was owing the defendant a much larger amount, overdue and payable on the very obligation upon which this payment was made. Clearly, if the plaintiff had handed the defendant $230 to apply on the bond and mortgage, he could not have recovered that sum back. But in this present case he claims to recover, because it was intended as a payment of interest which

had, in fact, been paid; and not as a payment of principal, which had not. The payment, however, was really made on the debt. The plaintiff is, and always will be, entitled to a credit for so much paid thereon. The defendant and the defendant's assignee can enforce the bond and mortgage only for what is payable, after crediting this and all other payments. In fact, over six months' interest had accrued at the time when this money was paid, payment of which (it would seem) might have been demanded, the principal being overdue. And further, after this money was paid and before the suit was commenced, even before the defendant assigned the bond and mortgage, interest accrued on the bond and mortgage more than this amount. How any subsequent payments were made is not shown.

The action to recover money paid by mistake is sustained, because otherwise the party would suffer an unjust loss. It should not be extended to cases where the relief is not necessary. It is not necessary in the present case, because the plaintiff can protect himself whenever he is sued on the bond and mortgage. Perhaps, in such suit, the holder of the mortgage may voluntarily give the plaintiff the credit to which he is entitled for this payment. Any questions between the defendant and his assignee, as to the defendant's liability on the assignment, they must settle among themselves.

The judgment should be reversed, a new trial granted, the reference discharged, costs to abide the event.

Present — LEARNED, P. J., BOARDMAN and BOCKES, JJ.

Judgment reversed, new trial granted, reference discharged, costs to abide event.